## IPPOLITO and MOKDAD v STATE OF FLORIDA
### Appellate Case No. 84-4082 E
Thirteenth Judicial Circuit, Hillsborough County
September 19, 1985

### APPEARANCES OF COUNSEL

**Emilio Lombardo Ippolito,** pro se.

**Gherbi Mokdad,** pro se.

**Ron Ficarrotta,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

Appellants, Emilio Lombardo Ippolito and Gherbi Mokdad were charged under section 28.8(a) of the City of Tampa Fire Code, adopted by City Ordinance 5394A with storing combustible materials without a permit. Each was convicted upon trial by jury in the County Court of Hillsborough County, Florida.

The Code section in question provides in pertinent part:

■■■■■■

"No person shall store in any building or upon any premises in excess of 2,500 cubic feet gross volume of combustible . . . material without a permit".

The evidence presented at trial established that on December 1, 1983, members of the City of Tampa Fire Department were dispatched to investigate a report of persons unloading or storing trash in a vacant house located at 301 South Boulevard, Tampa, Hillsborough County, Florida. Upon arriving at this location, the fire department personnel observed a pickup truck parked at the rear door of the premises. The Appellant, Mokdad and two other individuals had just finished unloading tree trimmings, limbs, and leaves from the pickup and had stored them in the vacant house.

The quantity of such materials which Appellant, Mokdad had stored in the vacant house was not established.

Inside the vacant house was a large quantity of combustible materials, to wit: tree trimmings, limbs, leaves, rubbish, paper, crating, boxes, and pieces of old furniture. The combustible material was in almost every room of the house, and in some places was piled high almost to the ceiling. This combustible material was in excess of 2,500 cubic feet gross volume.

The Appellant Ippolito arrived at the scene shortly after the fire department. The Appellant Mokdad and the other two individuals initially observed at the scene were working for the Appellant Ippolito, and had that day stored "trash" inside the premises at Appellant Ippolito's request. Appellant Ippolito claimed ownership of the building and indicated that he had had the combustible materials stored in the building. Neither defendant possessed the requisite permit.

Each Appellant raises the following issues on appeal:

(1) that the trial court lacked jurisdiction;

(2) that there was a lack of probable cause;

(3) that the charged filed against the Appellants were not filed in good faith;

(4) that the judgments of guilt are not supported by the testimony and evidence presented at trial;

(5) that the trial court erred in quashing the witness subpoena of an assistant state attorney;

(6) that the judgments of guilt were obtained as as a result of a criminal conspiracy involving various agencies and levels of government as well as the trial court.

157

As to the Appellant Ippolito each of the arguments raised on appeal is without merit. Accordingly, the judgment is AFFIRMED.

As to the Appellant Mokdad the evidence produced at trial failed to establish an essential element of the offense charged. Specifically the evidence failed to establish that the Appellant either stored or was responsible for storing the requisite amount of combustible materials (i.e. in excess of 2,500 cubic feet gross volume). Accordingly, the judgment as to Appellant Mokdad is REVERSED.

DECIDED at Tampa, Hillsborough County, Florida this 19th day of September, 1985.